FORSYTH v. THE SCHOONER GEORGE A. BRANDRETH.

(*District Court, S. D. New York.* July 27, 1880.)

1. COLLISION—BURDEN OF PROOF NOT SUSTAINED BY LIBELLANT.

In Admiralty.

*W. R. Beebe,* for libellant.

*L. S. Gove,* for claimant.

CHOATE, D. J. This is a libel brought by the owner of the schooner Justus E. Earle against the schooner George A.

Brandreth.   The Earle was laden with flagging stones, and the Brandreth with brick, and they were both bound up the East river, on the afternoon of May 28, 1877.   The tide was strong ebb, and the wind was about south—a three to four knot breeze.   The case made by the libel is briefly this :   That the Brandreth was ahead, and had reached a point in the river about off Jackson street pier, very near to the New York shore, where she hung, struggling with the tide, making very little or no headway; that she had her main boom broad off on her port side, and her jib and foresail trimmed in; that the Earle went up through the eddy between the Brandreth and the shore till she also struck the tide, and both vessels hung there, making no headway because of the tide, the Brandreth being a little ahead; that while they were in this position a breeze sprung up, and those on board of the Brandreth carelessly permitted her head to swing off towards the Earle, and she came on, striking the Earle and forcing her against Jackson street pier with such violence as to break in her port bow, damaging her to the extent of $200.

The faults alleged against the Brandreth are the not having her main boom properly trimmed in, not checking promptly her sheer towards the Earle—permitting her to run into the Earle—and not changing her course, and not keeping a proper lookout.   The case attempted to be proved differs from the case alleged, in that it does not include or depend upon any sudden change of wind.   The libellant has undertaken to show that after the Earle had partly gone by the Brandreth, and had then fallen back because the sails of the Brandreth took the wind out of her sails, the Brandreth crowded in upon the course of the Earle, bringing her port quarter up to and in contact with the starboard bow of the Earle, although to avoid her the Earle fell off as far as she could, and thus both vessels were pushed in against the pier, whereby the Earle suffered the alleged injury.

On the part of the claimant it has been attempted to show that there was no such crowding; that after the Earle fell back, finding that she could not pass inside of the Brandreth,

she attempted to luff and pass under her stern; that she had not room to do so, and her starboard bow came in contact with the port quarter of the Brandreth; that those on the Brandreth, seeing her coming, pushed off her bowsprit, and that thereby the bow of the Brandreth was thrown in towards the pier, and the tide striking on her starboard bow pushed both vessels towards the pier; that the Brandreth extricated herself and went out into the river, while the Earle, getting into the eddy, was carried on against the pier; and the disaster happened wholly from the fault of the Earle. The burden of proof is on the libellant. His vessel was overtaking the other, and was bound to keep out of the way. The evidence is very conflicting. The case involves no question which can make it of any value as a precedent; and it is sufficient to say that the libellant has not sustained the burden of proof. Upon the whole testimony, the probabilities and the weight of evidence are with the claimant, and the libellant has failed to establish either the material facts alleged in the libel constituting the faults of navigation relied on to sustain his claim, or that different state of facts testified to by some of his witnesses.

Libel dismissed, with costs.